UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Mario James,

                Plaintiff,        Case No. 23-cv-12533

v.                                    Judith E. Levy
                                      United States District Judge

Challenge Mfg. Holdings, Inc.,
                                      Mag. Judge Elizabeth A. Stafford

                Defendant.

_____/

## ORDER OF DISMISSAL

On October 6, 2023, Plaintiff Mario James initiated this employment discrimination case against Defendant Challenge Mfg. Holdings, Inc. (ECF No. 1.) Plaintiff filed an amended complaint on October 12, 2023. (ECF No. 3.) On December 8, 2023, Defendant filed an answer. (ECF No. 6.) The Court issued a scheduling order on March 29, 2024. (ECF No. 9.) Almost seven months later, on October 14, 2024, a motion to withdraw was filed by the Batey Law Firm, PLLC and Scott P. Batey, who represented Plaintiff. (ECF No. 14.) The motion was filed less than three weeks before the close of discovery. (*See* ECF Nos. 9, 14.) In its response, Defendant did not oppose the request to withdraw; however,

it opposed an extension of the dates in the scheduling order due to issues involving discovery. (ECF No. 15.)

On October 17, 2024, the Court granted Plaintiff's counsel's motion to withdraw. (ECF No. 17.) In its Order granting the motion, the Court stated:

> Within thirty days of the date of this Order, Plaintiff must indicate to the Court whether he (1) has retained new counsel by having a lawyer file an appearance on his behalf or (2) elects to represent himself. If Plaintiff does not contact the Court within thirty days, the Court will presume that Plaintiff no longer wishes to pursue his case, and the Court will dismiss the case with prejudice.
>
> The Court will stay the case for thirty days to give Plaintiff an opportunity to obtain new counsel. After Plaintiff informs the Court how he would like to proceed, the Court will consider any issues related to the dates in the scheduling order or discovery that are properly raised by the parties.

(*Id.* at PageID.81.) A document titled "Proof of Service" that was filed on October 18, 2024 indicates that "Scott P. Batey, and the Batey Law Firm sent the Order" to Plaintiff by mail and by email. (ECF No. 18.) There is no indication on the docket that Plaintiff did not receive the Order.

It has now been more than thirty days since the Court issued its Order on October 17, 2024. The deadline for Plaintiff to respond to the Court's Order elapsed approximately ten months ago, and the Court has

2

not received any communication from Plaintiff. Plaintiff has not updated the Court on the status of his representation, asked for more time to respond, or requested an extension of the duration of the stay. In addition, an attorney has not filed an appearance on Plaintiff's behalf.

The Court dismisses this case with prejudice due to Plaintiff's failure to comply with the Court's Order and his failure to prosecute the case against Defendant. *See* Fed. R. Civ. P. 41(b); E.D. Mich. LR 41.2; *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008); *Link v. Wabash R. Co.*, 370 U.S. 626, 630–33 (1962). Federal Rule of Civil Procedure 41(b) "provides for dismissal of an action where the plaintiff has failed 'to prosecute or to comply with these rules or a court order.'" *Bonanno v. Virginia*, No. 22-5546, 2023 WL 8867912, at *2 (6th Cir. June 26, 2023) (quoting Fed. R. Civ. P. 41(b); citing *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991)), *cert. denied*, 144 S. Ct. 850 (2024), *reh'g denied*, 144 S. Ct. 1133 (2024).

When contemplating the dismissal of a case under Rule 41(b), the Court considers the following four factors:

> (1) Whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal;

3

and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Bay Corrugated Container, Inc. v. Gould, Inc.*, 609 F. App'x 832, 835 (6th Cir. 2015) (quoting *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). "While none of these factors is dispositive, a case may be dismissed by a district court where there is a clear record of delay or contumacious conduct on the part of the plaintiff." *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001) (citing *Knoll*, 176 F.3d at 363; *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993)).

Here, the first factor favors dismissal. "To show that a party's failure to comply was motivated by bad faith, willfulness, or fault, the conduct 'must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings.'" *Mager v. Wis. Cent. Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019) (alteration in original) (quoting *Carpenter v. City of Flint*, 723 F.3d 700, 705 (6th Cir. 2013)). Plaintiff did not contact the Court within thirty days of October 17, 2024, as required by the Court's Order. The Court issued its Order almost one year ago. Plaintiff has not requested an extension of time to obtain an attorney or to decide if he wishes to represent himself. He has not responded to the Court's Order in any way. "Although his

4

conduct does not establish bad faith, it nevertheless shows willfulness and fault in that he was at best extremely dilatory in not pursuing his claim[s], which indicates an intention to let his case lapse." *Schafer*, 529 F.3d at 739.

The second factor goes both ways. "Assessing prejudice for purposes of Rule 41(b) requires the district court to look to the 'waste[d] time, money, and effort in pursuit of cooperation which [the non-dilatory party] was legally obligated to provide.'" *Rodriguez v. Hirshberg Acceptance Corp.*, 62 F.4th 270, 277–78 (6th Cir. 2023) (alterations in original) (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 644 (6th Cir. 2005)). During the time that this case has been pending, Defendant has filed an answer, participated in the preparation of a joint discovery plan, engaged in discovery, and responded to the motion to withdraw. (*See* ECF Nos. 6, 8, 9, 15.) For the most part—and setting aside the discovery issues raised by Defendant in its response to the motion to withdraw (ECF No. 15)—Defendant's work on the case was not due to Plaintiff's lack of cooperation following the issuance of the Court's Order. On October 17, 2024—the date of the Court's Order—the case was stayed for thirty days. (ECF No. 17, PageID.81.) There is no indication on the docket that Defendant has

5

dedicated additional time and resources to the case since then because of Plaintiff's failure to cooperate. At the same time, the Court recognizes that "'defendants cannot be expected to defend an action' that Plaintiff has 'apparently abandoned, not to mention the investment of time and resources expended to defend this case.'" *Smith v. Washington*, No. 24-12652, 2025 WL 2373946, at *2 (E.D. Mich. June 30, 2025) (quoting *White v. Bouchard*, No. 05-73718, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008)), *report and recommendation adopted*, No. 24-12652, 2025 WL 2092390 (E.D. Mich. July 25, 2025).

The third factor favors dismissal. Whether the plaintiff was warned about the possibility of dismissal "is . . . a key consideration when determining whether a district court abuses its discretion in dismissing a case pursuant to Rule 41(b)." *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998). Here, the Court warned Plaintiff in its October 17, 2024 Order about the possibility of dismissal with prejudice if he failed to contact the Court within thirty days of the date of the Order. (ECF No. 17, PageID.81.) The Court indicated that if it did not hear from Plaintiff in that time frame, the Court would "presume that Plaintiff no longer wishes to pursue his case." (*Id.*) Plaintiff has not shown otherwise

in the approximately eleven months since the Court issued its Order on October 17, 2024.

The fourth factor also favors dismissal. "[G]iven Plaintiff's failure to respond to the Court's Order . . . , [the Court] sees no utility in considering or imposing lesser sanctions." *Ostrander v. Smith*, No. 23-10803, 2024 WL 4888990, at *2 (E.D. Mich. Oct. 15, 2024), *report and recommendation adopted*, No. 23-cv-10803, 2024 WL 4886046 (E.D. Mich. Nov. 25, 2024). "Plaintiff's lack of participation in the case [for close to one year] suggests that lesser sanctions would be fruitless." *Allen o/b/o B.S.A. v. Comm'r of Soc. Sec.*, No. 20-13435, 2022 WL 604167, at *2 (E.D. Mich. Feb. 8, 2022) (citing *Atwater v. Bank of N.Y. Mellon Tr. Co.*, 586 F. App'x 222, 223 (6th Cir. 2014)), *report and recommendation adopted sub nom. Allen o/b/o B.S.A. v. Soc. Sec. Comm'r*, No. 2:20-CV-13435-TGB-PTM, 2022 WL 600861 (E.D. Mich. Feb. 28, 2022).

In sum, three of the four factors discussed above favor dismissal. The Court therefore concludes that it is not an abuse of discretion to dismiss this case for failure to comply with the Court's Order and for want of prosecution. *See* Fed. R. Civ. P. 41(b); E.D. Mich. LR 41.2.

Accordingly, this case is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

Dated: September 15, 2025      s/Judith E. Levy
        Ann Arbor, Michigan     JUDITH E. LEVY
                                      United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 15, 2025.

                                         s/William Barkholz
                                         WILLIAM BARKHOLZ
                                         Case Manager